IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER M. SANDERS,

                              Plaintiff,                        ORDER

      v.

                                                      11-cv-202-slc

DR. SEARS,

                              Defendant.

---

      This is prisoner civil rights lawsuit arising out of plaintiff Christopher Sander's claim that defendant Dr. Sears, a dentist working for the Wisconsin Department of Corrections, provided inadequate care for Sanders' impacted wisdom teeth. Although plaintiff was in custody was he filed this lawsuit, he has since been released. After this court ruled on defendant's summary judgment motion, on August 24, 2012, at plaintiff's request (dkt. 79) I appointed attorney Reed Cornia to represent plaintiff at trial (dkt. 88), and re-set the schedule to allow enough preparation time (dkt. 89). Plaintiff's jury trial is to begin June 17, 2013.

      On May 9, 2013, defendant moved to dismiss this case with prejudice pursuant to Fed. R. Civ. P. 37(d)(3) and 37(b)(2)(A)(v), because plaintiff twice has failed to appear for his deposition and will not provide a medical records disclosure authorization which defendant requested on April 16, 2013. Dkt. 94. In a May 9, 2013 text only order, I gave plaintiff, by counsel, until May 16, 2013 to show cause why this court should not grant this motion and dismiss the lawsuit with prejudice. Dkt. 97.

      On May 16, 2013, plaintiff's attorney responded by reporting that he has tried to contact plaintiff on numerous occasions since the middle of March, 2013 through telephone, text message, U.S. mail, UPS next day service, visits to plaintiff's apartment and telephone calls to plaintiff's

apartment manager, all to no avail.  Dkt. 98.[1]  Plaintiff's attorney asks that the court dismiss the case *without* prejudice due to plaintiff having gone missing; counsel is concerned that plaintiff might be hospitalized or "otherwise indisposed."  *Id.*  In reply, defendant reiterates his request for dismissal with prejudice.  Dkt. 99.

Rule 37 authorizes the court to sanction a plaintiff who fails to appear for a deposition after having been served with a proper notice by dismissing the action with prejudice.  *See* Rule 37(b)(2)(A), (d)(1) and (d)(3).  Unless the court finds that the failure to appear was substantially justified or other circumstances make an award of expenses unjust, the court must at least require the party who failed to appear to pay the reasonable expenses, including attorney's fees, caused by the failure to appear.  Rule 37(d)(3).  Dismissal with prejudice, however, is an extreme sanction that should be used only as a last resort in situations where the noncomplying party displayed willfulness, bad faith or fault.  *See Robinson v. Champaign Unit 4 School Dist.*, 412 Fed. Appx. 873, at *4 (7th Cir. 2011) (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006); *Procter & Gamble Co.*, 427 F.3d at 738; *Maynard v. Nygren*, 332 F.3d 462, 467–68 (7th Cir. 2003)).  "[W]hen sanctioning a party for discovery violations, a district court should consider the prejudice or surprise to the party against whom the evidence is offered, the likelihood of disruption to the trial, and lesser sanctions that could cure any asserted prejudice."  *Id.* (citing *Procter & Gamble Co.*, 427 F.3d at 738; *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *Maynard*, 332 F.3d at 468).  This standard is much higher than that under Rule 41 for dismissal based on a want of prosecution or failure to comply with

---

[1] The court last heard from plaintiff on April 1, 2013, when he wrote to express dissatisfaction with Attorney Cornia's representation.  Dkt. 90.  At that time, the court urged plaintiff to trust his attorney and allow him to focus on his work.  Dkt. 93.

orders of the court, which requires only "a 'clear record of delay or contumacious conduct, or prior failed sanctions.'" *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

In this case, plaintiff has been completely and consistently unresponsive to defendant's discovery requests and has failed to explain or show good cause for having gone incommunicado. Indeed, for the last two months, plaintiff has been completely unresponsive to *his own attorney's* attempts just to talk to him, let alone prepare this case for trial. If there were some indication that plaintiff has been hospitalized with an injury or illness so disabling that for two months he has been completely unable to call–or to ask someone to call–his attorney, then I would be sympathetic to allowing plaintiff to reopen this case later. But plaintiff's communications with the court, in which he expresses his displeasure with my handling of his case (dkt. 68 and dkt. 74 at 5-6) and with his pro bono attorney (dkt. 90), suggest that plaintiff has ceased to participate because he is angry about how everyone else is handling his lawsuit.

Pursuant to the amended schedule set last fall, discovery ended last Friday, on May 17, 2013, and the jury trial begins in 3½ weeks, on June 17, 2013. At this juncture, defendant has been irremediably prejudiced by his inability to obtain critical evidence from plaintiff, namely access to his medical records and plaintiff's sworn answers to defendant's questions at a deposition.

Given this palpable prejudice to defendant, coupled with plaintiff's apparently conscious choice to wall himself off from discovery or other participation in his own lawsuit, I find that dismissal with prejudice is an appropriate sanction in this case. *Cottle v. Falcon Holdings Management, LLC*, 892 F. Supp. 2d 1053, 1058 (N.D. Ind. 2012) (finding same). In any event, even if plaintiff's complete lack of responsiveness did not rise to the level of wilfulness or bad faith, dismissal with prejudice is appropriate under Rule 41(b) for plaintiff's failure to prosecute.

ORDER

It is ORDERED that defendant's motion for sanctions is GRANTED and this case is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to enter judgment closing this case.

Entered this 23rd day of May, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

4